FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

00 FEB 29 PH 3: 12

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| INEZ OLIVER, as personal representative of the Estate of Ralph Wesley Oliver, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CV 99-BU-3425-M |
| JOHNNY RAY RICE; BRUCE OAKLEY TRUCKING, INC.; BRUCE OAKLEY, INC., | ) ) ) ) | ENTERED |
| Defendants. | ) ) | rtB 29 2000 |

---

## MEMORANDUM OPINION

---

This case is presently pending before the Court on Plaintiff's Motion to Remand.

(Doc. 4)  Plaintiff contends that Defendants failed to properly remove this case because

all Defendants did not join the Petition for Removal.  Specifically, Defendants Bruce Oakley

Trucking, Inc., and Bruce Oakley Inc., did not join the petition; however, Oakley Trucking

Inc, who is not a named party to this action, did join the petition.  Defendant Rice and

Oakley Trucking contend that Bruce Oakley Trucking, Inc., and Bruce Oakley, Inc., were

not required to join the removal petition because (1) Bruce Oakley Trucking, Inc. is not a

legal entity, and (2) Bruce Oakley, Inc., is a nominal or formal party.  Thus, the issue before

the Court is whether Defendant Rice's removal petition is defective for failure to join Bruce

Oakley Trucking, Inc., and Bruce Oakley, Inc.

The Court notes that Oakley Trucking is not a party to this case. It was not named in the Complaint and it has made no effort to intervene. Moreover, Plaintiff has taken no action to join Oakley Trucking in this action. Therefore, Oakley Trucking joining the petition for removal has no legal significance, although it may be factually relevant.

Within the body of its opposition, Rice moves this Court to strike Plaintiff's exhibits to her Motion to Remand, which are (1) Exhibit A -- the Case Action Summary Sheet for this case from the Circuit Court for DeKalb County; and (2) Exhibit B -- a print out of certain pages from the web site for Bruce Oakley, Inc. Defendant's Motion to Strike Exhibit B is due to be granted; the Motion to Strike Exhibit A is due to be denied.[1]

Federal courts are courts of limited jurisdiction. Thus, this Court may hear only cases that the Constitution or Congress has authorized. "[S]ignificant federalism concerns are raised whenever a case is removed from state to federal court, and . . . the removing defendant there bears the burden of establishing that removal was proper." *Fuller v. Exxon Corp.*, 1999 WL 1288937 [to be reported at 78 F. Supp. 2d 1289], at *3 (S.D. Ala. Dec. 9, 1999)(citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872, 85 L. Ed. 2d 1214 (1941); *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996)); *see also Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). Because federal jurisdiction is limited, the Eleventh Circuit has held that cases removed

---

[1]The Court notes that Defendant moved to strike Exhibit A on the ground that it consisted of "unsworn, uncertified records," which were "not the actual records of DeKalb County." In her Reply Submission, Plaintiff has submitted sworn and certified copy of the Case Action Summary from the DeKalb County Circuit Court; those records contain the identical information contained in Exhibit A to Plaintiff's Motion to Remand.

from state court are to be remanded "where federal jurisdiction is not *absolutely* clear."
*Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.*, 995 F. Supp. 1388, 1389 (M.D.
Ala. 1998)(citing *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir.
1994))(emphasis added). To this end, removal statutes are strictly construed, with all
doubts resolved in favor of remand. *Id.* (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th
Cir. 1996), *cert. denied*, 502 U.S. 1162, 117 S. Ct. 1349, 137 L. Ed. 2d 506 (1997)); *see
also Burns*, 31 F.3d at 1095. All facts alleged in the Complaint are construed in favor of
Plaintiff and all "uncertainties' regarding the substantive state law are resolved in favor of
Plaintiff. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

Section 1446 provides the procedure for removing a case from state court to federal
court. 42 U.S.C. § 1446. The law is clear and well established that, "under 28 U.S.C. §
1446(a), removal procedure requires that all defendants join in the removal petition." *Tri-
Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349*, 427 F.2d
325, 326-27(5th Cir. 1970). "The failure of any defendant to join in the removal within thirty
days after the case became removable as required by sections 1446(a) and (b) constitutes
a defect in the removal process." *Fuller*, 1999 WL 1288937, at *3 (citing *In re Ocean
Marine Mut. Protection & Indem. Assoc.*, 3 F.3d 353, 355-56 (11th Cir. 1993)). "[F]ailure
of all of the state defendants to join in the petition for removal compels the District Court
to remand the action to state court." *Woods v. Firestone Rubber Co.*, 560 F. Supp. 588,
590 (S.D. Fla. 1983). There are exceptions to this rule, however. Defendants that are not
served, defendants that are fraudulently joined, and defendants that are "nominal or formal
parties" need not join in the petition for removal. *See Woods v. Firestone Tire & Rubber*

*Co.*, 560 F. Supp. 588, 590 (S.D. Fla. 1983). "The question of whether or not a named defendant is a nominal party depends on the facts in each case." *Tri-Cities*, 427 F.2d at 327. "A defendant is 'nominal' for purposes of analyzing a claim of 'fraudulent' or improper joinder if there is no arguably reasonable basis for predicting that state law might impose liability on the defendant under the facts alleged." *Woods*, 560 F. Supp. at 591 (internal quotations and citations omitted).

Bruce Oakley Trucking, Inc., and Bruce Oakley, Inc., were served by certified mail on December 11, 1999. These two Defendants did not join Defendant Rice's removal petition; therefore, the removal is defective unless these two Defendants fit an exception to the general rule. Rice contends that Bruce Oakley Trucking, Inc. does not exist and that Bruce Oakley, Inc., is a nominal party.

The Court pretermits any determination as to Bruce Oakley Trucking's existence because it finds that, for purposes of removal, Bruce Oakley, Inc., is not a nominal party and the failure of Bruce Oakley, Inc., to join the removal petition is a defect that compels the Court to remand this action to state court.

Defendant argues that Bruce Oakley, Inc., is a nominal or formal party; therefore, it is not required to join his petition for removal. Rice contends, "Bruce Oakley, Inc., is not involved in the trucking business and has nothing to do with the facts and circumstances of this case. This is simply the parent company of Oakley Trucking, Inc., the proper defendant in this case." Def. Brief (Doc. 6), pp. 1-2. Defendant has submitted the affidavit of an attorney who had been "responsible for preparing and overseeing the corporate restructuring of Bruce Oakley, Inc., in 1998." *Id.*, Exh. A. According to the affidavit, "Bruce

Oakley, Inc. is a holding company that owns several subsidiary corporations and which

company supplies administrative services to such subsidiary corporations, including Oakley

Trucking, Inc." *Id*. The affidavit also states:

> Bruce Oakley, Inc. has no ownership or other relationship with either
> the tractor or the trailer involved in the accident that is made the basis of this
> suit, save and except that Bruce Oakley, Inc., is the parent corporation that
> owns all of the stock of Oakley Leasing, Inc. and Oakley Trucking, Inc. Both
> Oakley Trucking, Inc. and Oakley Leasing, Inc. are 100% owned subsidiaries
> of Bruce Oakley, Inc.

*Id*. Defendant contends that the trailer involved in the accident at issue was owned by

Oakley Leasing, Inc, a wholly owned subsidiary of Bruce Oakley, Inc., and that it had been

leased to Oakley Trucking. Moreover, the tractor involved in the accident at issue had also

been leased to Oakley Trucking, Inc., but – apparently – not by Oakley Leasing.

The question of whether Bruce Oakley, Inc. is a "nominal" party depends upon its

"role in the lawsuit." *Tri-Cities*, 427 F.2d at 327. "Nominal parties are generally those

without a real interest in the litigation." *Bumberger v. Insurance Co. of North America*, 952

F.2d 764, 767 (3d Cir. 1991).

> A defendant is nominal and his citizenship may be disregarded if no
> cause of action or claim for relief is or could be stated against him. The
> removing party bears the burden of establishing federal jurisdiction and
> proving the nominal nature of the non-diverse party. In determining whether
> the party seeking removal has met its burden, moreover, the court looks to
> the governing substantive law under which the right asserted by the plaintiff
> is to be enforced.

*Metropolitan Property & Casualty Insurance Co. v. J.C. Penny Casualty Insurance Co.*, 780

F.Supp. 885, 888 -90 (D. Conn. 1991)(internal quotations and citations omitted). "A real

party in interest defendant is one who, by the substantive law, has the duty sought to be

enforced or enjoined.  In contrast to a 'real party in interest,' a formal or nominal party is one who, in a genuine legal sense, has no interest in the result of the suit, or no actual interest or control over the subject matter of the litigation.  *Rose v. Giamatti*, 721 F.Supp. 906, 914-15 (S.D. Ohio 1989)(internal quotations and citations omitted).

Plaintiff's complaint contains the following claims against Bruce Oakley, Inc.:  (1) liability based upon respondeat superior for Rice's negligent, wanton, reckless conduct within the line and scope of his employment with Bruce Oakley, Inc.; (2) negligent, wanton, and/or reckless hiring, training and/or supervising of Rice; (3) negligent, wanton, and/or reckless loading of trailer pulled by tractor operated by Rice; (4) negligent, wanton, and/or reckless maintenance or service of tractor operated by Rice; and (5) negligent, wanton, and/or reckless entrustment of tractor/trailer to Rice.   The claims alleged against  Bruce Oakley, Inc., are not merely nominal or formal, but allege that Bruce Oakley, Inc., by its own actions -- particularly related to the hiring, training, and supervising of Rice -- caused the death of Plaintiff's decedent.

Although Rice has presented evidence that Bruce Oakley, Inc. did not own the tractor or the trailer, he has submitted no evidence regarding its role in his hiring, training, and/or supervision.  The affidavit submitted by Defendant states only that Bruce Oakley, Inc. owns Oakley Trucking and that it provides "administrative services."   Therefore, Defendant has failed to establish without a doubt that Bruce Oakley, Inc. was a nominal party, such that its failure to join the removal petition is not a defect in the removal process. This case is due to be remanded to the Circuit Court of DeKalb County, Alabama.

Perhaps sensing the inevitable remand of this action, Defendant states, "[I]f this

Court determines that remand is necessary at this stage of the case, the defendants [sic] request that any remand be done with leave to re-remove once the party determinations have been finalized." **This request will be denied**.

### CONCLUSION

Based on the foregoing, this Court finds that Defendant has failed to show that this case was properly removed. Therefore, this action will be REMANDED , without leave to re-remove, to the Circuit Court of DeKalb County, Alabama, by separate order entered contemporaneously herewith.

DONE this 29th day of February, 2000.

H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE